UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRIS MAXIMUS ARMENTI | : |
| | : Civil Action No. 2:22-CV-4408 |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| THE TRAVELERS COMPANIES, INC. | : JURY TRIAL DEMANDED |
| A/K/A, D/B/S TRAVELERS, F/K/A | : |
| ST. PAUL TRAVELERS COMPANIES, INC. | : |
| AND | : |
| | : |
| PEERLESS INSURANCE COMPANY | : |
| PARENT COMPANY LIBERTY MUTUAL A/K/A | : |
| AND/OR D/B/A LIBERTY MUTUAL GROUP | : |
| AND/OR A/K/A LIBERTY MUTUAL AGENCY | : |
| MARKETS AND/OR D/B/A LIBERTY MUTUAL | : |
| HOLDING COMPANY, INC. AND/OR D/B/A | : |
| AND/OR A/K/A SAFECO INSURANCE CO. | : |
| | : |
| Defendants | : ELECTRONICALLY FILED |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Defendant Travelers Personal Insurance Company (improperly named as "The Travelers Companies, Inc. a/k/a, d/b/s Travelers, f/k/a St. Paul Travelers Companies, Inc.") (hereinafter "Travelers"), through its counsel of record, Brooks R. Foland, Esquire, Allison L. Krupp, Esquire, and Marshall Dennehey Warner Coleman & Goggin, hereby files the Notice of Removal of this case from the Court of Common Pleas of Delaware County, Pennsylvania, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b), and in support thereof avers as follows:

1. Plaintiff Chris Maximus Armenti commenced this action via Complaint filed on October 6, 2022, in the Court of Common Pleas of Delaware County, Pennsylvania, docketed at No. CV-2022-007395. A copy of the Complaint is attached hereto and identified as Exhibit A.

2. The Complaint was served on Travelers on October 9, 2022. A copy of the service documentation is attached hereto and identified as Exhibit B.

3. The Complaint was purportedly served on Defendant Peerless on October 14, 2022. A copy of the service documentation is attached hereto and identified as Exhibit C.

4. On October 25, 2022, Katherine Cole Douglas, Esq. entered her appearance on behalf of Defendant Peerless. A copy of Attorney Douglas' Entry of Appearance is attached hereto and identified as Exhibit D.

5. The undersigned counsel entered their appearances on behalf of Travelers on October 28, 2022. A copy of counsels' Entries of Appearance are attached hereto and identified collectively as Exhibit E.

6. The Complaint states that Plaintiff resides at 19 Windtree Lane, Glen Mills, PA 19342. Ex. A at para. 1.

7. Therefore, upon information and belief, Plaintiff is a citizen of the Commonwealth of Pennsylvania.

8. Travelers is a corporation organized and existing under the laws of the state of Connecticut, with a principle place of business located at One Tower Square, Hartford, Connecticut, 06183. Ex. A at para. 2.

9. The Complaint states that Defendant Peerless Insurance Company was "acquired by Liberty Mutual Agency Markets", which is a "wholly owned business division of Liberty Mutual Group, d/b/a, and/or a/k/a, Liberty Mutual Insurance Company, and/or Liberty Mutual,"

and that its corporate headquarters is located at 175 Berkley Street, Boston, Massachusetts 02116. Ex. A at para 3.

10. Plaintiff has included the following Counts in his Complaint:

- Count I: Breach of Contract (Plaintiff v. Defendant Travelers)

- Count II: Bad Faith Pursuant to 42 Pa. C.S.A. § 8371 (Plaintiff v. Defendant Travelers)

- Count III: Violation of the Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Plaintiff v. Defendant Travelers)

- Count IV: Breach of Contract (Plaintiff v. Defendant Peerless)

- Count V: Bad Faith Pursuant to 42 Pa. C.S.A. § 8371 (Plaintiff v. Defendant Peerless)

- Count VI: Violation of the Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Plaintiff v. Defendant Peerless)

Ex. A.

11. In his Complaint, Plaintiff avers that he sustained personal injuries in a motor vehicle accident, which occurred on or about January 29, 2004, when he was four years old. Ex. A at paras. 8-13.

12. Plaintiff avers that the motor vehicle in which he was riding as a passenger was being operated by his aunt, Michelle Masters. Ex. A at para. 8.

13. Plaintiff avers that, following the subject accident, he made a claim for underinsured motorist ("UIM") benefits under a policy of motor vehicle insurance issued to Ms. Masters by Travelers ("Travelers Policy"), and that the UIM claim remains unresolved. Ex. A at para. 18.

14. Plaintiff avers that the UIM limit of the Travelers Policy is $500,000. Ex. A at para. 19.

15. Plaintiff also avers that, following the subject accident, he made a second-tier UIM claim under his parents' Peerless Insurance policy, and that the second-tier UIM claim remains unresolved. Ex. A at paras. 18, 21.

16. Plaintiff avers that the UIM limit of the Peerless Policy is $500,000. Ex. A at para. 22.

17. In Count I, Plaintiff demands various damages, including but not limited to, the UIM limits of the Travelers Policy.[1] Ex. A at Count I.

18. In Count II, Plaintiff demands various damages, including but not limited to, punitive damages, court costs, fees and interest. Ex. A at Count II.

19. In Count III, Plaintiff demands various damages, including but not limited to, the UIM limits of the Travelers Policy. Ex. A at Count III.

20. In Count IV, Plaintiff demands various damages, including but not limited to, the UIM limits of the Peerless Policy. Ex. A at Count IV.

21. In Count V, Plaintiff demands various damages, including but not limited to, punitive damages, court costs, fees and interest. Ex. A at Count V.

22. In Count VI, Plaintiff demands various damages, including but not limited to, the UIM limits of the Peerless Policy. Ex. A at Count VI.

23. Based upon the allegations set forth in Plaintiff's Complaint, the amount in controversy in this action is in excess of $75,000.00, exclusive of interest and costs.

---

[1] By outlining the allegations set forth in the Complaint, Travelers is not conceding that the allegations are true or accurate or that Plaintiff is entitled to the relief requested. Travelers is merely identifying the allegations to confirm that the amount in controversy exceeds the $75,000 diversity jurisdiction threshold.

24. As such, this Honorable Court has jurisdiction, pursuant to the provisions of 28 U.S.C. § 1332, based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

25. The present lawsuit is accordingly removable from State Court to this Court, pursuant to 28 U.S.C. § 1441 and § 1446.

26. This Notice of Removal has been filed within thirty (30) days after receipt by Travelers of the Complaint, which provides notice that removal is appropriate under 28 U.S.C. § 1446(b).

27. Written notice of the filing of this Notice of Removal has been given to Plaintiff and Defendant Peerless, in accordance with 28 U.S.C. § 1446(d), as noted on the attached Certificate of Service.

28. Promptly after filing with this Honorable Court, and the assignment of a civil action number, a copy of this Notice of Removal will be filed with the Court of Common Pleas of Delaware County, Pennsylvania, in accordance with 28 U.S.C. § 1446(b).

WHEREFORE, Defendant Travelers Personal Insurance Company (improperly named as "The Travelers Companies, Inc. a/k/a, d/b/s Travelers, f/k/a St. Paul Travelers Companies, Inc.") respectfully requests that this action be removed from the Court of Common Pleas of Delaware County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

                                          Respectfully submitted,

                                          **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

DATE:  11/3/22                  By: _____
                                          Brooks R. Foland, Esquire
                                          PA Attorney I.D. No. 70102
                                          Allison L. Krupp, Esquire
                                          PA Attorney I.D. No. 307013
                                          100 Corporate Center Drive, Suite 201
                                          Camp Hill, PA 17011
                                          Ph. (717) 651-3714
                                          Fax (717) 651-3707
                                          Email:brfoland@mdwcg.com
                                          *Attorneys for Defendant Travelers*

## CERTIFICATE OF SERVICE

I, Brooks R. Foland, Esquire, of Marshall Dennehey Warner Coleman & Goggin, do hereby certify that on this 3rd day of November, 2022, I served a copy of the document via Email, and ECF, if applicable, as follows:

Joseph R. Armenti, Esquire
19 Windtree Lane
Glen Mills, PA  19342
Atlas16@verizon.net
Attorney for Plaintiff

Katherine Cole Douglas, Esquire
Bennett, Bricklin & Saltzburg LLC
Centre Square, West Tower
1500 Market Street
32nd Floor
Philadelphia, PA  19102
douglas@bbs-law.com
Attorney for Defendant Peerless

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

_____
Brooks R. Foland, Esquire